UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARRELL COWEN and TERESSA
COWEN,

        Plaintiffs,

                                      Case Number 05-10307-BC
v.                                         Honorable David M. Lawson

AMERICAN MEDICAL SYSTEMS, INC.,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on the defendant's motion to dismiss. The plaintiffs originally commenced this action in a Michigan state court. The defendant removed the matter to this Court based on diversity of citizenship. However, in its motion, the defendant alleges that the plaintiff did not serve the summons and complaint prior to removal in accordance with Michigan's procedural rules. The defendant contends, therefore, that this Court has no personal jurisdiction over it and the case should be dismissed. The Court heard the parties' arguments in open court today. The Court concludes that although the defendant was served with an expired summons, which the state judge did not have authority to issue under Michigan's court rules, this Court may make orders to correct the defect and properly bring the necessary parties before it. The motion to dismiss, therefore, will be denied.

I.

The plaintiffs, husband and wife, are residents of Isabella County, Michigan. On November 24, 2004, the plaintiffs filed their complaint in state court against the manufacturer of the husband's penile implant, which he received on October 11, 2001 to correct his partial erectile dysfunction.

The plaintiffs allege the implant was defective, and the plaintiff-husband had to undergo surgery in May 2003 to have it removed.

The complaint, which was filed on November 24, 2004, contains two counts: count one alleges negligent manufacturing, testing, warning, and failure to recall the defective product; and count two alleges loss of consortium by the plaintiff-wife. The state court issued a summons when the complaint was filed, but under Michigan rules the summons expired on February 22, 2005. *See* Mich. Ct. R. 2.102(D) (stating that unless extended, "[a] summons expires 91 days after the date the complaint is filed").

It appears that there are two companies called American Medical Systems, Inc. Before the summons expired, the plaintiffs apparently served the wrong company, which was located in Livonia, Michigan. That company never responded, and the plaintiffs obtained a default judgment in the Michigan court on March 16, 2005. The plaintiffs thereafter learned that they had served the wrong company, and according to the plaintiffs' attorney, he contacted one Dan Johnson, national counsel for the correct defendant, by letter and telephone. Speaking to Mr. Johnson's assistant, he informed Mr. Johnson of the mistake and announced that he planned to obtain an amended summons. The plaintiffs claim Mr. Johnson "had absolutely no problem" with this. Pls.' Resp. at 4.

On August 9, 2005, the plaintiffs moved the state court to issue an amended summons. The case then was transferred the Bay County Circuit Court (apparently to cure a potential conflict arising from the plaintiff-wife's employment in Isabella County Circuit Court), and the amended summons eventually was issued on October 31, 2005. The amended summons and the complaint were served on the correct defendant on November 8, 2005.

On December 1, 2005, the defendant removed this case to this court, alleging that it is a citizen of Delaware, the place of its incorporation, and Minnesota, its principal place of business, and the amount in controversy exceeds $75,000. The plaintiffs do not dispute these claims.

Four days after removal, the defendant filed the present motion to dismiss. It alleges that the plaintiffs failed to effectuate proper service because the state court had no power to issue the second summons. The defendant reasons that when the original summons expired, the case was "deemed dismissed" at that time by operation of law. The plaintiffs argue that the state court had authority to issue the second summons because a Michigan Court Rule allows amendment of service "at any time on terms that are just." The plaintiffs also claim the defendant agreed to set aside any dismissal that would occur due to the mistake in service. Finally, the plaintiffs claim the defendant admitted jurisdiction in this court by removing the case here, and they seek a remand to state court and attorneys' fees imposed for expenses incurred in responding to its motion.

II.

As an initial matter, the Court must reject out of hand the plaintiffs' argument that the defendant submitted to personal jurisdiction by filing its removal notice. The Supreme Court held over 75 years ago that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929).

It also appears that state court's issuance of the amended summons was contrary to state procedure. Michigan Court Rule 2.102(D) states that the life of a summons is 91 days, and that the court may extend the summons for up to one year if it acts within those 91 days. In *Hyslop v. Wojjusik*, 252 Mich. App. 500, 652 N.W.2d 517 (2002), the state appellate court held that an order

extending a summons entered after the summons expired was invalid, explaining, "Plaintiffs could only extend the original summons by filing a motion within the initial ninety-one-day period." *Id.* at 507, 652 N.W.2d at 520.  There is no dispute here that the order amending the summons was entered after the initial 91-day period.

The Sixth Circuit has held that the failure to comply with state service-of-process rules can result in the dismissal of removed actions.  *See Bates v. Harp*, 573 F.2d 930 (6th Cir. 1978).  "[I]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state."  4A Wright & Miller, *Federal Practice and Procedure* § 1082.  However, after an action is removed, federal law governs, and defects in service can be cured in accordance with federal rules of procedure.  *See, e.g., Weinberg v. Colonial Williamsburg, Inc.*, 215 F. Supp. 633, 635 (D.C.N.Y. 1963) (holding that "[t]he Court will not . . . dismiss on this ground since, in a removed action, if the original service was defective, service of new process under 28 U.S.C. § 1448 may be authorized").  The state court did not formally dismiss the matter, and the Michigan court rule that would "deem" the matter dismissed as to a defendant not "served with process as provided in [the Michigan] rules," Mich. Ct. R. 2.102(E)(1), does not govern federal courts.

Section 1448, Title 28, United States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.  The procedures that must be followed for correcting defective service after removal are those set forth in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 81(c) (stating that "[t]hese rules apply to civil actions removed to the United States district courts from

the state courts and govern procedure after removal"). In addition, Congress has authorized, "[i]n any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 28 U.S.C. § 1447(a).

Federal Rule of Civil Procedure 4 governs the issuance of summonses in this Court. Subsection (h) prescribes the manner service upon corporations that do not waive service under Rule 4(d), and subsection (m) provides the time limits for service. For cases originally filed in federal court, Rule 4(m) permits service within 120 days after filing the complaint. However, in a case removed from state court, the time begins to run on the date of removal. *Bruley v. Lincoln Property Co., N.C., Inc.*, 140 F.R.D. 452, 453 (D.C. Col. 1991) (holding that the "120-day period for serving process starts to run on the date of removal rather than the date the state complaint was filed"); *Motsinger v. Flynt*, 119 F.R.D. 373, 376 (D.C.N.C. 1988) (noting that "in a removal action the 120-day service period commences to run from the date of removal"). This case was removed to this Court on December 1, 2005. The plaintiffs therefore have until March 31, 2006 to serve the defendant, unless the defendant waives service.

### III.

The plaintiffs have asked the Court to remand this case to state court and award them costs. They cite no authority for that request, and this Court can discern no basis to remand the matter based on the motion papers, as subject matter has been established by the defendant under 28 U.S.C. §§ 1332(a) and 1441(a). However, at oral argument on the motion, the plaintiffs advised the Court for the first time that the state court did not extend the summons against the named defendant, but actually allowed the plaintiffs to add another defendant – with the same name as the previously-

named defendant – and issued a new summons under Michigan procedural rules. The "new" (and proper) defendant is a Minnesota corporation. The plaintiffs previously had taken a default judgment against a Livonia, Michigan company. Because the plaintiffs suggest that there may be two defendants in this case, one with its principal place on business in Michigan, the prospect of incomplete diversity must be addressed.

It is axiomatic that federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)). Therefore, complete diversity of citizenship must exist "both at the time that the case is commenced and at the time that the notice of removal is filed." *Ibid.* (citing *Easley v. Pettibone*, 990 F.2d 905, 908 (6th Cir. 1993).

An exception to the complete diversity rule is found in the doctrine of fraudulent joinder. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan,* 176 F.3d at 907 (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992)). Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive. *See* 16 Moore's Fed. Prac. § 107.14[2][c] (noting that "[t]he term 'fraudulent joinder' is a bit misleading because it requires neither a showing of fraud nor joinder in one sense"). Rather, the thrust of the inquiry is "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts." *Jerome-Duncan,* 176 F.3d at 907 (citing *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

The issue is easily resolved here because the plaintiffs conceded at oral argument that they have no colorable claim against the entity against which a default judgment was entered. The plaintiffs acknowledge that they intended to sue the company that manufactured the penile implant, which likely is the defendant, American Medical Systems of Minnesota, but most certainly is *not* its Livonia, Michigan namesake.

According to the caption of the case and the text of the complaint, there is but one defendant named in this lawsuit. There is complete diversity of citizenship between the plaintiffs and the company they intended to sue. But even if the pleadings can be construed in light of the state court's order authorizing the "new" summons to add a defendant, the Court is satisfied that the doctrine of fraudulent joinder requires that the citizenship of the mistakenly-sued defendant – the Livonia, Michigan company – be disregarded. When that is done, complete diversity is preserved. There is no basis to remand the matter.

IV.

Since the plaintiffs yet may perfect service of process, the defendant's motion to dismiss for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or insufficiency of service of process under Rule 12(b)(4) is premature. However, this Court has subject matter jurisdiction over the dispute, and remand is not appropriate.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt # 3] is **DENIED**.

It is further **ORDERED** that the Clerk of the Court shall issue a summons against the defendant, and the plaintiffs shall effectuate service of process in accordance with the Federal Rules of Civil Procedure on or before March 31, 2006, unless the defendant waives service of process. Thereafter, the defendant shall promptly answer the complaint.

It is further **ORDERED** that the plaintiffs' request to remand the matter is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 31, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS